UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:14-cr-0451-B-5 |
| | § | |
| SHUNTOCQUA SHINE, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Shuntocqua Shine's Motion to Reduce Sentence (Doc. 505). For the reasons that follow, the motion is **DENIED WITHOUT PREJUDICE**.

### I.
### BACKGROUND

On March 18, 2016, this Court sentenced Defendant Shuntocqua Shine to seventy months of imprisonment and two years of supervised release based on her guilty plea to one count of conspiracy to commit kidnapping. Doc. 399, J., 1–3. Ms. Shine is currently thirty-nine years old, and is confined at the Carswell Federal Medical Center (FMC), with a scheduled release date of February 21, 2021.[1]

On June 15, 2020, Ms. Shine filed her Motion to Reduce Sentence (Doc. 505). Ms. Shine seeks a reduction in her sentence under 18 U.S.C. § 3582(c)(1)(A) because, she argues, Carswell FMC is ill-equipped to handle the COVID-19 outbreak and, alternatively, that her daughter is

---

[1] The Court accessed this information by searching for Ms. Shine on the Bureau of Prisons' Inmate Locator, available at https://www.bop/gov/inmateloc/.

suffering from depression and needs to be in the care of her mother, who would be her primary caregiver in light of her grandmother's death. *See, e.g.*, Doc. 505, Def.'s Mot., 5, 9.

For the reasons that follow, Ms. Shine's motion is **DENIED WITHOUT PREJUDICE**.

## II.

## LEGAL STANDARD

A district court does not have inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). However, under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP [Bureau of Prisons] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see id.* at 693 n.1. The Court's decision must also be "consistent with the applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A); *see United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) ("[A] court may modify a defendant's sentence after considering the factors set forth in § 3553(a) to the extent applicable if it finds that extraordinary and compelling reasons warrant such a reduction and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." (internal quotations and citations omitted)).

## III.

## ANALYSIS

Upon review, the Court concludes that Ms. Shine has not exhausted her administrative remedies. Thus, she is not eligible for a sentence reduction at this time. Alternatively, Ms. Shine's

release is not warranted by extraordinary and compelling reasons. Finally, the Court lacks the authority to move Ms. Shine to home confinement.

A.      *Failure to Exhaust Administrative Remedies*

Section 3582(c)(1)(A) requires exhaustion of administrative remedies before a defendant can file a motion seeking a sentence reduction with the Court. *See* 18 U.S.C. § 3582(c)(1)(A) (permitting the filing of a motion "after the defendant has fully exhausted *all administrative rights to appeal* a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden . . . whichever is earlier") (emphasis added). The United States Court of Appeals for the Third Circuit recently characterized this requirement as "a glaring roadblock foreclosing compassionate release" where the "BOP has not had thirty days to consider [the defendant's] request to move for compassionate release on his behalf" or if "there has been no adverse decision by BOP for [the defendant] to administratively exhaust within that time period." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

But "several courts have concluded that [the § 3582 (c)(1)(A) exhaustion] requirement is not absolute and that it can be waived by the government or by the court, therefore justifying an exception in the unique circumstances of the COVID-19 pandemic." *Valentine v. Collier*, 956 F.3d 797, 807 (5th Cir 2020) (per curiam) (Higginson, J., concurring) (collected authority omitted).

Here, Ms. Shine originally motioned for the warden to bring a motion for her release; that request was denied on May 16, 2020. Doc. 505, Def.'s Mot., 15. The warden's decision explained that she had twenty days to appeal the decision. *Id.* Although Ms. Shine states that she "has also exhausted all necessary remedies, BP8, and BP9," she does not attach evidence of those appeals. *See id.* at 12. Ms. Shine, then, has not shown that she has "fully exhausted *all* administrative rights to

appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden . . . ." 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

Moreover, Ms. Shine has failed to provide circumstances unique to her case that would justify relaxing the exhaustion requirement in light of the COVID-19 pandemic. Ms. Shine has not shown that COVID-19 is so widespread at Carswell FMC as to excuse her failure to exhaust administrative remedies. *Cf.* Order at 8, *United States v. Lee*, No. 3:07-CR-0289-M-2 (N.D. Tex. Apr. 23, 2020), ECF No. 1950 (Lynn, C.J.) (excusing a failure to exhaust administrative remedies when, amongst other things, there was a "rapid spread of COVID-19 at FCI Oakdale"); *United States v. Foots*, 2020 WL 3129647, at *2 (N.D. Tex. June 12, 2020) (declining to waive the defendant's failure to exhaust where "the only case of COVID-19 [at the defendant's facility] [was] among the staff, and not the prisoners"). At Carswell FMC, there are currently no active cases, one previous death from COVID-19, and one successful recovery from COVID-19.[2]

Additionally, as explained below in the Court's discussion of the merits of Ms. Shine's motion, the Court concludes that Ms. Shine has not shown other extraordinary or compelling reasons that warrant an exception to § 3582(c)(1)(A)'s exhaustion requirement.

Therefore, under these circumstances, the BOP should have the first opportunity to address Ms. Shine's appeal for compassionate release based on the COVID-19 pandemic. Ms. Shine's request is thus **DENIED WITHOUT PREJUDICE**. Ms. Shine may refile again after exhausting her administrative appeals, or if other circumstances arise that might excuse the exhaustion requirement.

---

[2] The BOP COVID-19 cases website is available at https://www.bop.gov/coroanvirus/.

*See, e.g.*, *United States v. Orellana*, 2020 WL 1853797, at *1 (S.D. Tex. Apr. 10, 2020).

B.      *Failure on the Merits*

Ms. Shine has also not shown "extraordinary and compelling reasons" justifying her early release. *See* § 3582(c)(1)(A). The policy statement applicable to this provision—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. March 30, 2020) (citing § 1B1.13(1)(A) & cmt. 1). These include the defendant's medical condition, age, and family circumstances. *See* § 1B1.13(1)(A) & cmt. 1.[3]

First, Ms. Shine argues that "the present global pandemic [COVID-19] is a quintessential extraordinary circumstance beyond what most Americans have experienced in their [l]ifetime." Doc. 505, Def.'s Mot., 1–2. But as mentioned above, see *supra* at 4–5, Ms. Shine has not shown how the pandemic presents circumstances unique to her case. *See United States v. Garcia*, 2020 WL 3270710, at *2 (N.D. Tex. June 16, 2020) (noting that the pandemic's "effect on the nation does not demonstrate extraordinary circumstances specific to [the defendant]") (citation omitted). "[T]he Court must consider every prisoner individually and should be cautious about making blanket pronouncements . . . ." *United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020).

Next, Ms. Shine seeks a sentence reduction because her daughter, Lacy, has suffered from depression while her mother has been incarcerated, and Lacy's paternal grandmother—who would take care of Lacy while Lacy's father was on the road for his job as a truck driver—recently died.

---

[3] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP]." § 1B1.13(1)(A) cmt. 1. Additionally, to qualify for a sentence reduction, the defendant must not pose a danger to the community. § 1B1.13(2).

Doc. 505, Def.'s Mot., 4–6. Ms. Shine attaches evidence of her daughter's mental illness and suffering. *See id.* at 16.

The Court does not doubt that Lacy is suffering from depression during this difficult time in her young life. However, § 3582 allows for compassionate release due to family circumstances in only limited situations. Specifically, "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" may constitute an extraordinary and compelling reason for compassionate release. *See* § 1B1.13 cmt. 1(C)(i). Although Lacy's late paternal grandmother helped Lacy's father take care of Lacy, Lacy's father is Lacy's caregiver. Doc. 505, Def.'s Mot., 6. Additionally, Ms. Shine's motion indicates that her sister, Shenika Shine-McBride, can take care of Lacy and Ms. Shine's other children before Ms. Shine is released from prison. *See id.* at 8 (explaining that after hee release, Ms. Shine "will reside with her sister, as well as her children"). That other people within Ms. Shine's family can potentially take care of her children while she is imprisoned cuts against compassionate release here. *See United States v. Goldberg*, 2020 WL 1853298, at *4 (D.D.C. Apr. 13, 2020) ("[A] critical consideration in this guidance is that no person other than the defendant is available to serve as a caretaker of a minor or incapacitated immediate family member.)

Ms. Shine cites four cases for the proposition that her imprisonment's effect on her daughter Lacy should warrant a reduction in her sentence. Doc. 505, Def.'s Mot., 4. Again, this Court does not doubt Lacy's struggles. However, the cases to which Ms. Shine cites all involved the initial determination of a defendant's sentence—not whether compassionate release should be granted after a sentence has already been imposed. *See United States v. Lehmann*, 513 F.3d 805, 809 (8th Cir. 2008) (per curiam); *United States v. Greer*, 375 F. Supp. 2d 790, 794 (E.D. Wis. 2005); *United States v. Hammond*, 37 F. Supp. 2d 204, 207 (E.D.N.Y. 1999); *United States v. Chambers*, 885 F. Supp. 12, 14

(D.D.C. 1995). Here, although sentencing factors play a role in compassionate release cases, the Court is still constrained by § 3582 and § 1B1.13. *See Chambliss*, 948 F.3d at 692–93 (citations omitted).

Therefore, Ms. Shine has not shown extraordinary and compelling reasons for her release.

C.   *No Entitlement to Home Confinement*

Ms. Shine's request to be designated for home confinement also fails. It is within the BOP's discretion to place prisoners in home confinement toward the end of their sentence under 18 U.S.C. § 3624(c)(2). *See United States v. Snead*, 63 F.3d 381, 389 n.6 (5th Cir. 1995) (noting that requests for home confinement "are properly directed to the [BOP]") (citing 18 U.S.C. § 3624(c)).

Thus, this Court lacks the authority to move Ms. Shine to home confinement.

## IV.

## CONCLUSION

For the foregoing reasons, Ms. Shine's Motion to Reduce Sentence (Doc. 505) is **DENIED WITHOUT PREJUDICE**. Ms. Shine has not exhausted her administrative remedies, nor has she shown extraordinary and compelling reasons to justify release. Moreover, the Court lacks the authority to move Ms. Shine to home confinement.

By denying Ms. Shine's motion without prejudice, the Court permits Ms. Shine to motion for compassionate release in the event circumstances rise to the level of extraordinary and compelling.

**SO ORDERED.**

**SIGNED: June 23, 2020.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE